UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANAHAW A. PEASEL, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:05CV2172 AGF |
| TRANS STATES AIRLINES, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff has filed with this Court a pro se complaint under Title VII of the Civil Rights Act of 1964. Presently before the Court is Plaintiff's motion for appointment of counsel. There is no constitutional right for a pro se plaintiff to have counsel appointed in a civil case, although the Court has discretion to appoint an attorney to handle such a case when necessary. <u>In re Lane</u>, 801 F.2d 1040, 1043-44 (8th Cir. 1986). Among the factors a court should consider in making this determination are the factual complexity of the case; the ability of the plaintiff to investigate the facts and present his claim; the complexity of the legal issues; and to what degree the plaintiff and the court would benefit from such an appointment. <u>Id.</u>

The Eighth Circuit has identified three additional factors relevant to the appointment of counsel in Title VII actions: "(1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." <u>Slaughter v. City of Maplewood</u>, 731 F.2d 587, 590 (8th Cir. 1984).

Upon review of the file, the Court finds that this dispute is straightforward, and the legal issues are not complex. Thus, the Court finds that appointment of counsel is unnecessary at this time. Should Plaintiff seek the appointment of counsel at a later stage in the proceedings, he will be required to provide the Court with a sworn statement itemizing what efforts he has made to obtain legal counsel, providing the names of attorneys with whom he has discussed representation and the dates and results of such discussions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. (Doc. #4).

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of December, 2005