UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MA. ANAHAW A. PEASEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02172 AGF |
| ) | |
| TRANS STATES AIRLINES, INC., and ) | |
| LOCAL 618 AUTOMOTIVE, ) | |
| PETROLEUM, AND ALLIED ) | |
| INDUSTRIES EMPLOYEES UNION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before this Court on the motion of Defendant Local 618 Automotive, Petroleum, and Allied Industries Employees Union ("Local 618") for taxation of costs. For the reasons set forth below, the Court shall order that $580.59 be taxed against Plaintiff.

## BACKGROUND

Plaintiff Ma. Anahaw Peasel is a citizen of the United States whose nation of origin is the Philippines. She worked for Defendant Trans States Airlines, Inc. ("TSA"), a commercial airline, as a flight attendant from April 2002 until October 2005, when she was terminated. During this time, Plaintiff was a member of Local 618 and covered by its collective bargaining agreement ("CBA") with TSA. On May 10, 2006, Plaintiff filed an amended complaint claiming that TSA violated her rights under Title VII of the Civil Rights Act of 1964, and that Local 618 breached its duty of fair representation. Plaintiff

asserted that Local 618's attorney failed to adequately investigate the complaints against Plaintiff that eventually resulted in her termination, to prepare for the arbitration and System Board hearings, to perform competently at those forums, and, ultimately, to prove that the complaints against Plaintiff were unfounded and/or retaliatory.

By Memorandum and Order dated October 19, 2007, the Court granted Local 618's motion for summary judgment. The Court found that the Plaintiff did not present sufficient evidence of a breach of Local 618's duty of fair representation.

On November 21, 2007, while Plaintiff's claims against TSA were still pending, Local 618 filed the present motion for taxation of costs seeking $846.31, consisting of $342.74 for court reporter/transcripts and $503.57 for copies. Plaintiff responded on December 12, 2007, asserting that costs should not be awarded because the bill of costs was untimely filed as the case had not yet been concluded. Plaintiff also specifically objected to Local 618's request for the costs of copying as excessive.

Plaintiff and TSA settled the claims against TSA. Following a hearing, the Court enforced the settlement agreement, and on April 2, 2008, final judgment was entered against Plaintiff on all claims. On May 8, 2008, the Court denied Plaintiff's motions for reconsideration.

## **DISCUSSION**

While Local 618's bill of costs was filed early, the case has now been concluded and the bill of costs is properly before the Court. Under Rule 54(d) of the Federal Rules of Civil Procedure, unless otherwise provided by federal statute or rules or a court order, costs "shall be allowed to the prevailing party." Only those costs that are listed in 28

U.S.C. § 1920 are recoverable. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees . . . ;
> (6) Compensation of court appointed experts [and] interpreters . . . .

28 U.S.C. § 1920. "[W]ithin the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). The bill of costs submitted by a prevailing party should be given careful scrutiny by the court. Koppinger v. Cullen-Schlitz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975).

**Court Reporter Fees/Transcript of Deposition**

Local 618 seeks $342.74 for deposition costs, specifically $316.80 for the original transcript of Plaintiff's deposition, $12.00 for exhibits, and $13.94 for postage and handling. As noted above, § 1920(2) allows as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Under this section, even if a deposition was not introduced at a trial, a court has discretion to award costs if the deposition was "necessarily obtained for use in a case and was not purely investigative." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted). The determination of whether a deposition was necessary "must be

-3-

made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Id. (quoted case omitted). The losing party bears the burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken. Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984); Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982).

Plaintiff does not specifically object to this request, and the costs for the court reporter and transcript of the deposition will be allowed. The postage and handling costs of $13.94, however, will not. See Smith v. Tenet HealthSystem SL, Inc., 436 F.3d 879, 889-90 (8th Cir. 2006); Hollenbeck, 605 F. Supp. at 439 (disallowing costs of express mailing, delivery, and postage related to a deposition transcript). Accordingly, of the $342.74 sought by Local 618, $328.80 will be allowed.

**Fees for Copies**

As noted above, Local 618 seeks $503.57 for fees related to obtaining photocopies. Plaintiff objects to this request as excessive. Also as noted above, § 1920(4) allows as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

Amounts sought for copy expenses must be documented or itemized in such a way that the court can meaningfully evaluate the request. Yaris v. Special Sch. Dist. of St.

-4-

Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir. 1986). "In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration." Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997). However, copies made for "convenience, preparation, research, or for the records of counsel are not recoverable." Id. The "losing party bears the burden of making the showing that an award [for photocopying] is inequitable under the circumstances." Concord, 309 F.3d at 498.

Here, Local 618 provided a "Slip Listing" of expenses showing costs in connection with this case, including five entries for "copying expenses" totaling $503.57. Four of the entries are for a total of 650 pages billed at the rate of $0.20 per page ($130.00). The fifth entry is for photocopies from "Kinko's" for a total of $373.57. Local 618 also provided an invoice from Kinko's showing that 1,827 copies were made at a price of $0.19 per page, plus tax of $26.44. Although it seems clear that the requested copying fees were incurred in connection with this case, absent Local 618's itemization of what documents were copied, there is no way for the Court to ascertain whether the copies were indeed necessary or rather for Local 618's convenience. See Finan v. Good Earth Tools, Inc., No. 06-CV-878 CAS, 2008 WL 1805639, at *11 (E.D. Mo. Apr. 21, 2008) (denying prevailing party's request for copying costs where there was no documentation indicating what was copied). Under the circumstances, and in light of Local 618's sworn declaration on the bill of costs form that the costs requested were necessarily obtained for use in this case, the Court will allow half the copying costs requested, or $251.79 for

exemplification and copies of papers.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for costs is **GRANTED** in part and **DENIED** in part. [Doc. #94].

**IT IS FURTHER ORDERED** that the following costs shall be and are taxed against Plaintiff:

| | |
|---|---|
| Fees of the court reporter and deposition transcript | $ 328.80 |
| Fees for exemplification and copies | $  251.79 |
| **Total** | **$ 580.59** |

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2008.